UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIELLE LAMP and PATRICIA LAMP,<br><br>Plaintiffs,<br><br>Jointly and Individually,<br>v.<br><br>ALLIED REVENUE SERVICES, LLC., d/b/a "ALLIED COLLECTION SERVICE", and JOHN DOE,<br><br>Defendants. | Case No.<br>Honorable<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff, DANIELLE LAMP, (hereinafter "DANIELLE") is an adult natural person who resides in the County of Van Buren, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, PATRICIA LAMP, (hereinafter "PATRICIA") is an adult natural person who resides in

the County of Van Buren, State of Michigan, and is a "consumer" and a "person" as the terms are defined and used under the FDCPA.

6. Defendant, ALLIED REVENUE SERVICES, LLC., d/b/a "ALLIED COLLECTION SERVICE" hereinafter "ACS", is, based upon information and belief, a State of Delaware limited liability company and a collection agency and or debt buyer operating from an address of 400 Allied Court, Zeeland, MI 49464, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. ACS uses interstate commerce and the mails in business, the principal purpose of which is the collection of debts. ACS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ACS is a "debt collector" as the term is defined and used in the FDCPA. ACS is licensed (No. 2401000882) by the State of Michigan to collect consumer debts in Michigan. ACS is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

8. Defendant, JOHN DOE, is believed to be a natural person employed by ACS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant to the allegations in this complaint, John Doe acted as an agent for ACS in attempting to collect a debt from plaintiffs.

**FACTUAL ALLEGATIONS**

9. Plaintiff, DANIELLE, in her own name, incurred a debt with Airway Oxygen. The subject of the transaction which gave rise to the debt was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. DANIELLE allegedly failed to repay all the money demanded by Airway Oxygen.

11. Based upon information, belief and knowledge, sometime in early 2016, the alleged debt of Plaintiff, DANIELLE was consigned, placed, purchased or otherwise transferred to Defendant, ACS, for collection.

12. On or about February 11, 2016, ACS communicated with PATRICIA for the first time, by sending a collection letter addressed to PATRICIA at her home address.

13. The collection letter indicated that PATRICIA owed a debt "For Danielle Lamp" to Airway Oxygen.

14. The collection letter falsely represented the amount owed as PATRICIA did not owe the debt.

15. The collection letter falsely represented that PATRICIA owed the debt.

16. The collection letter improperly disclosed to PATRICIA, that her daughter-in-law DANIELE owed a debt.

17. Shortly after receiving the letter, PATRICIA called ACS and spoke with ACS representative JOHN DOE.

18. During the call, PATRICIA disputed owing the debt with JOHN DOE.

19. During the call, JOHN DOE demanded payment on the debt and stated that PATRICIA owed the debt and needed to pay the bill.

20. The effect of ACS's communications with PATRICIA upset and humiliated her.

21. During the call, JOHN DOE stated that PATRICIA owed money for hospital debts to other creditors as well.

22. Defendants did not send PATRICIA the disclosures required by 15 U.S.C. §1692g with respect to these other debts.

23. The above communication is a third party disclosure violation under the FDCPA.

24. The effect of ACS's communications with her mother-in-law upset and humiliated DANIELE.

### *Respondeat Superior* Liability

25. The acts and omissions of Defendants and the individual debt collectors employed as collection agents by ACS, who communicated with Plaintiffs as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant ACS.

26. The acts and omissions by ACS's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by ACS in collecting consumer debts.

27. By committing these acts and omissions against Plaintiffs, ACS's agents were motivated to benefit their principal, ACS.

28. ACS is therefore liable to Plaintiffs through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, MOC or alternatively MRCPA and general negligence principles, in ACS's attempts to collect these debts from Plaintiffs.

## JURY DEMAND

29. Plaintiffs are entitled to and have already requested a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et Seq.

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of ACS constitute violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

   a. § 1692b(1) Acquisition of Location Information.  A debt collector can only communicate with a third party to obtain location information.

   b. § 1692b(2) Contact of Third Party: Stated that the consumer owes any debt.

   c. § 1692b(3) Contact of Third Party: Contacted a person more than once, unless requested to do so.

   d. § 1692c(b) Disclosing debt to third party.

    e.    The Defendants foregoing conduct violated 15 U.S.C. §1692c(c) by continuing to attempt to collect a debt with knowledge that the Plaintiffs refused to pay the debt.

    f.    § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

    g.    § 1692d(6) Failure to provide meaningful disclosure.

    h.    § 1692e Any other false, deceptive, or misleading representation or means in connection with the debt collection.

    i.    The Defendants foregoing conduct violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

    j.    § 1692e(5), Threaten to take any action that cannot legally be taken or that is not intended to be taken.

    k.    § 1692e(10), Any false representation or deceptive means to collect a debt or obtain information about a consumer.

    l.    § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

    m.    § 1692g, by failing to provide the disclosures specified in that section, including the notice of rights and the identity of the current creditor or owner of the debt.

32.    As a result of ACS's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Michigan Occupational Code

33.    Plaintiffs incorporate all of the above paragraphs by reference.

34.    ACS is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

35.    Plaintiffs are consumers as defined by the MOC and are persons whom the act was intended to protect. M.C.L. § 339.901(f).

36.    Defendants have violated the MOC. Defendants' violations of the MOC include, but are not

necessarily limited to, the following:

a. Defendants violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive matter;

b. Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

c. Defendants violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

d. Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

e. Defendants' foregoing acts in attempting to collect this debt against Plaintiffs constitute violations of the Michigan Occupation Code;

f. Defendants violated M.C.L. § 339.918; and

g. Defendants violated M.C.L. § 339.919.

37. Defendants' violations of the Michigan Occupation Code were willful.

38. Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III

## Violations of the Michigan Regulation of Collection Practices Act

## (Alternative to Count II)

39. Plaintiffs incorporate the preceding allegations by reference.

40. Defendant ACS and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

41. Plaintiffs are the persons whom the act was intended protect, MCL 445.251(d).

42. Defendants' foregoing acts in attempting to collect this debt against Plaintiffs constitute

violations of the Michigan Regulation of Collections Practices Act.

43. Defendants' violations of the MCPA include, but are not necessarily limited to,

44. the following:

    a. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

    b. Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (*i*) The legal status of a legal action being taken or threatened, and (*ii*) The legal rights of the creditor or debtor.

    c. Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

    d. Defendants violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

45. Defendants' violations of the Michigan Collections Practices Act were willful.

46. Plaintiffs have suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

47. Defendant's violations of the Michigan Regulation of Collections Practices Act were willful.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant.

## COUNT I

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs;

## COUNT II

**Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulation of Collection Practices Act**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT III

**Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

1. *Accordingly, Plaintiffs request that the Court:*

    a. Grant statutory damages.

    b. Grant actual damages.

    c. Grant exemplary damages

    d. Grant damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practices Act, ("MCPA") MCL 445.251 et seq,

  e.  Award costs and attorney fees.


Dated: May 25, 2016        Respectfully submitted,

                REX ANDERSON, PC

                /s/ Rex C. Anderson
                Rex C. Anderson, Attorney for Plaintiffs
                9459 Lapeer Rd. Ste. 101
                Davison MI 48423
                (810) 653-3300
                mied@rexandersonpc.com
                (P47068)